FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2012 JUL 24  PM 1:06

LORETTA G. WHYTE
       CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CIVIL ACTION |
| Plaintiff | * | NUMBER: 12-1924 |
| v. | * | SECT. E  MAG. 2 |
| THE CITY OF NEW ORLEANS | * | |
| Defendant | * | |

\* \* \*

## COMPLAINT

1. The United States of America, by its undersigned attorneys, brings this civil action for declaratory and injunctive relief under the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141 ("Section 14141"), the Omnibus Crime Control and Safe Streets Act of 1968, 42 U.S.C. § 3789d ("Safe Streets Act"), and Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d to 2000d-7 ("Title VI"), and its implementing regulations, 28 C.F.R. §§ 42.101 to 42.112.

2. The United States brings this action to remedy a pattern or practice of conduct by law enforcement officers of the New Orleans Police Department ("NOPD"), an agent of the City of New Orleans, that deprives persons of rights, privileges, and immunities secured and protected by the Constitution and laws of the United States.

Fee  USA
Process
 X Dkd

1

## I. JURISDICTION AND VENUE

3. The United States is authorized to initiate this action under the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141, the Omnibus Crime Control and Safe Streets Act of 1968, 42 U.S.C. § 3789d, and Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d to 2000d-7, and its implementing regulations, 28 C.F.R. §§ 42.101 to 42.112.

4. Under Section 14141, the United States is authorized to bring suit against a state or local government for equitable and declaratory relief in order to remedy a pattern or practice of conduct by law enforcement officers that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or federal law.

5. Title VI prohibits discrimination on the grounds of race, color, or national origin by programs or activities receiving federal funds.

6. Defendant receives financial assistance for the NOPD within the meaning of Title VI. *See* 42 U.S.C. § 2000d. The United States has advised Defendant of its violations of Title VI, has made concerted efforts to secure voluntary compliance from Defendant, and has determined that compliance cannot be secured by voluntary means without court ordered remedies. *See* 42 U.S.C. § 2000d-1.

7. The Safe Streets Act prohibits discrimination on the grounds of race, color, religion, national origin, or sex by programs or activities receiving federal funds granted under the Safe Streets Act.

8. Defendant receives funds made available under the Safe Streets Act for NOPD programs or activities.

9. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345.

10. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(b). Defendant is located in the Eastern District Louisiana, and a substantial part of the events or omissions giving rise to this claim occurred in the Eastern District of Louisiana.

11. Declaratory and injunctive relief is sought as authorized by 42 U.S.C. § 14141(b); 28 U.S.C. §§ 2201 and 2202; and 42 U.S.C. § 3789d(c)(3).

## II. PARTIES

12. Plaintiff is the United States of America.

13. Defendant City of New Orleans is a municipality and a political subdivision of the State of Louisiana located in the Parish of Orleans, State of Louisiana. Defendant is organized under the laws of the State of Louisiana, and operates under a Home Rule Charter. NOPD is a law enforcement agency operated by the City of New Orleans and is located within the executive branch of New Orleans's government.

## III. FACTUAL ALLEGATIONS

14. The United States, pursuant to an extensive investigation of the New Orleans Police Department, has determined that Defendant and its agents, through their acts or omissions, engage in a pattern or practice of excessive force, unconstitutional searches and seizures, and discriminatory policing. Further, the United States has found that these acts and omissions include, but are not limited to: failure to adequately train, supervise, investigate, and discipline officers, and failure to establish consistent policies, procedures, and practices that appropriately guide, monitor, and manage the actions of NOPD officers and NOPD's response to those actions.

15. The United States' investigation included on- and off-site review of a wide array of over 36,000 pages of documents, including policies and procedures, training materials, incident

reports, use of force reports, crime investigation files, data collected by NOPD, complaints of misconduct, and misconduct investigations. The investigation further included hundreds of hours of on-site observations by Department of Justice representatives and retained police experts, including participation in ride-alongs with officers and supervisors, attendance at NOPD COMSTAT meetings, and related observations of police activity. The review of documents and the on-site observations consistently revealed and confirmed a broad pattern or practice of unlawful misconduct by NOPD officers.

16. The United States' investigation further included participation in over 40 community meetings, including meetings held at the request of the United States, as well as regularly scheduled community meetings, including New Orleans Neighborhood Police Anti-Crime Council and Rape Crisis Network meetings, among many others. The Department of Justice and its experts met also with representatives of NOPD police fraternal organizations and participated in several "round tables" to elicit officer concerns and ideas about how to improve services provided by NOPD. The investigation further included meetings with judges from the state and municipal courts and members of the District Attorney's Office, the Orleans Public Defender, the Civil Service Commission, the Office of the Independent Police Monitor, the City Council, Louisiana State legislators, the Business Council of New Orleans & the River Region, the New Orleans Police and Justice Foundation, and the New Orleans Crime Coalition. Through these meetings, interviews, and conversations, the United States further uncovered the patterns or practices of unlawful conduct by NOPD officers, and the acts or omissions by Defendant and Defendant's agents that caused these patterns or practices of unlawful conduct.

17. The United States' findings that NOPD officers engaged in a pattern or practice of unlawful conduct are outlined in its 158-page March 16, 2011 report ("Report"), attached and incorporated herein by reference.

18. A pattern or practice of unlawful conduct has been further demonstrated by the convictions of numerous NOPD officers for criminal civil rights violations and other significant criminal misconduct committed, in many instances, while on duty. The most significant of these criminal convictions involve conduct that occurred prior to the change in City and NOPD leadership in 2010. Nonetheless, this history of criminal conduct by NOPD officers dates back many years and includes convictions, not only for committing, but also for covering up criminal acts, including criminal acts causing death. The number and nature of criminal convictions thus makes clear the need for federal oversight to ensure that the City's current reform efforts are successful at correcting the pattern or practice of unlawful police misconduct.

19. Defendant and its agents, through their acts or omissions, engage in a pattern or practice of using unreasonable force against persons in New Orleans. As outlined in the Report, incidents of unreasonable force include the use of unreasonable force against restrained individuals; the use of retaliatory force; the unreasonable use of electronic control devices against individuals; the use of unreasonable force in canine apprehensions of suspects; the use of unreasonable force against persons in mental health crisis; and the unreasonable use of firearms and other deadly force against individuals.

20. Defendant and its agents, through their acts or omissions, engage in a pattern or practice of unlawfully stopping, searching, and arresting persons in New Orleans. As outlined in the Report, NOPD officers engage in a pattern or practice of detaining persons without

reasonable suspicion; searching persons without legal authority; and arresting persons without probable cause. A significant portion of the arrest and investigative reports reviewed reflected apparent constitutional violations by NOPD officers, consistent with the findings of a previous DOJ investigation ten years prior. NOPD's organizational focus on arrest statistics, alongside insufficient training, supervision, and problem-oriented policing strategies to address and abate crime, is evidence that these unlawful detentions, searches, and arrests are neither isolated nor aberrational, but rather reflect a Department-wide pattern and practice of searches and seizures in violation of the Fourth Amendment.

21. Defendant and its agents, through their acts or omissions, engage in a pattern or practice of discriminatory policing by NOPD officers. As outlined in the Report, NOPD officers engage in discrimination on the basis of gender, ethnicity, national origin, and sexual orientation. Discriminatory Policing by NOPD takes the form of selective law enforcement based on protected status. This discriminatory policing includes, but is not limited to: failing to investigate adequately, on the basis of gender, incidents of sexual assault and domestic violence; failing to provide police services to persons with limited English proficiency; and disparate treatment of transgender individuals.

22. Defendant and its agents, through their acts or omissions, engage in a pattern or practice of discriminatory policing by NOPD officers on the basis of race or color as set forth in the Report.

23. The patterns or practices of unconstitutional conduct set out above are caused by pervasive deficiencies in Defendant's systems for directing, training, supervising, and holding accountable NOPD officers. These deficient systems demonstrate the City of New

Orleans's deliberate indifference to the patterns or practices of unconstitutional conduct committed by NOPD officers.

24. As set out more fully in the Report, Defendant's systemic deficiencies include: failing to implement policies, procedures, and practices regarding the use of force; stops, searches, and arrests; and discriminatory policing, to appropriately guide and monitor the actions of individual NOPD officers; failing to evaluate, document, and investigate adequately incidents in which an NOPD officer uses force, including the types of force specifically set out in paragraph 19; failing to establish and implement an adequate policy for receiving and investigating internal and external complaints of officer misconduct; failing to implement policies, procedures, and practices that address appropriately the imposition of discipline or corrective action; failing to discipline adequately or impose corrective action upon NOPD officers who engage in misconduct; failing to implement adequate policies, procedures, and practices regarding supervision of NOPD officers; failing to supervise NOPD officers adequately to prevent the use of unreasonable force; unlawful stops, searches, or arrests; and discriminatory policing; failing to train NOPD officers adequately to prevent the use of unreasonable force, including the types of force specifically set out in paragraph 19; unlawful stops, searches, and arrests; and discriminatory policing; failing to track, analyze, and respond to data and trends regarding use of force; stops searches, or arrest; and allegations of misconduct by NOPD officers; failing to acknowledge adequately the potential for stereotypes and biases to influence police decision making and prevention of same through policies, leadership, supervision, and training; failing to develop a language assistance plan; failing to adequately evaluate, document, and investigate incidents of sexual assault and domestic violence; failing to take adequate steps to recruit a sufficient number

and quality of officer candidates; failing to implement adequate policies, procedures and practices related to NOPD's paid detail system; failing to implement an adequate performance evaluation and promotion system; failing to implement an effective community oriented policing program; failing to provide critical officer assistance and support services to NOPD officers; failing to have adequate policies, procedures, and practices related to custodial interrogations and photographic lineups; and failing to implement an adequate mechanism for civilian oversight of the NOPD.

25. Over the past three years, the Department of Justice has provided over eight million dollars ($8,282,713), including funds made available under the Safe Streets Act, directly to the New Orleans Police Department or to the City of New Orleans for police services.

26. Title VI and its implementing regulations prohibit intentional discrimination on the grounds of race, color, or national origin in any of a grant recipient's or sub-recipient's operations, and they prohibit methods of administration that have the effect of subjecting individuals to discrimination because of their race, color, or national origin, or have the effect of defeating or substantially impairing accomplishment of the objectives of the grant recipient's or sub-recipient's operations as respects individuals of a particular race, color, or national origin.

27. As a condition of receiving some or all of these funds, Defendant or its agents signed contractual assurances and agreed to abide by the requirements of federal law, including the requirements of Title VI and the Safe Streets Act.

28. Through its March 16, 2011 Report and other means, the United States advised Defendant that NOPD practices violate Title VI and its implementing regulations.

## IV. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF:  DEFENDANT'S CONDUCT VIOLATES THE FOURTH AMENDMENT AND SECTION 14141

29. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-28 above.

30. NOPD's law enforcement practices result in stops, detentions, searches, arrests, and/or uses of force against persons in New Orleans without lawful justification.

31. Defendant's actions constitute a pattern or practice of conduct by law enforcement officers that deprives persons of their rights under the Fourth Amendment, in violation of Section 14141.

### SECOND CLAIM FOR RELIEF:  DEFENDANT'S CONDUCT VIOLATES THE FOURTEENTH AMENDMENT AND SECTION 14141

32. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-28 above.

33. NOPD engages in law enforcement practices that intentionally discriminate against persons in New Orleans on the basis of their race, color, ethnicity, national origin, gender, or sexual orientation.

34. Defendant's actions constitute a pattern or practice of conduct by law enforcement officers that deprives persons of their rights under the Fourteenth Amendment, in violation of Section 14141.

### THIRD CLAIM FOR RELIEF:  DEFENDANT'S CONDUCT VIOLATES TITLE VI.

35. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-28 above.

36. Defendant and its agents have received and continue to receive federal financial assistance for its programs and activities.

37. Defendant and its agents engage in a pattern or practice of conduct that is unjustified and has had an adverse disparate impact on the basis of protected status covered by Title VI.

38. Defendant and its agents engage in a pattern or practice of intentional discriminatory conduct on the basis of protected class covered by Title VI.

39. The discriminatory pattern or practice of conduct by Defendant and its agents, and intentional discrimination, independently violate Title VI and its implementing regulations.

## FOURTH CLAIM FOR RELIEF: DEFENDANT'S CONDUCT VIOLATES THE SAFE STREETS ACT

40. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-28 above.

41. Defendant and its agents have received and continue to receive federal financial assistance granted under the Safe Streets Act for its programs or activities.

42. Defendant and its agents engage in a pattern or practice of unjustified conduct that has had an adverse disparate impact on the basis of protected status covered by the Safe Streets Act.

43. Defendant and its agents engage in a pattern or practice of intentionally discriminatory conduct on the basis of protected class covered by the Safe Streets Act.

44. The discriminatory pattern or practice of conduct by Defendant and its agents, and intentional discrimination, independently violate the Safe Streets Act and its implementing regulations.

## V.   PRAYER FOR RELIEF

45. WHEREFORE, the United States prays that the Court:

46. declare that Defendant and its agents have engaged in a pattern or practice of conduct by NOPD officers that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States;

47. enjoin Defendant, its officers, agents, and employees from engaging in any of the predicate acts forming the basis of the pattern or practice of conduct;

48. order Defendant and its agents to adopt and implement policies and procedures to remedy the pattern or practice of unlawful conduct described herein, and to prevent NOPD officers from depriving persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States;

49. declare that Defendant and its agents have excluded persons from participation in, denied persons the benefits of, or subjected persons to discrimination under programs or activities receiving federal financial assistance, on the basis of race, color, or national origin in violation of Title VI;

50. declare that Defendant and its agents have excluded persons from participation in, denied persons the benefits of, or subjected persons to discrimination under programs or activities funded in whole in part with funds granted under the Safe Streets Act, on the basis of race, color, national origin, or sex in violation of the Safe Streets Act;

51. enjoin Defendant, its officers, agents, and employees from engaging in any of the discriminatory acts forming the Title VI violations, and order Defendant to take such remedial action as will eliminate such discrimination;

52. enjoin Defendant, its officers, agents, and employees from engaging in any of the discriminatory acts forming the Safe Streets Act violations, and order Defendant to take such remedial action as will eliminate such discrimination; and

53. order such other appropriate relief as the interests of justice may require.

Respectfully submitted,

_____
JIM LETTEN (LA 8517)
United States Attorney
Eastern District of Louisiana

_____
THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

_____
ROY L. AUSTIN, JR. (CA 211491)
Deputy Assistant Attorney General
Civil Rights Division

JONATHAN M. SMITH
Chief

CHRISTY E. LOPEZ (DC 473612)
Deputy Chief

COREY M. SANDERS (DC 490940)
Trial Attorney

_____
EMILY A. GUNSTON (T.A.) (CA 218035)
Trial Attorney
United States Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, NW
Washington, DC 20530
Tel. (202) 514-6255; Fax. (202) 514-4883
Email: Emily.Gunston@usdoj.gov