## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA,**                    **CIVIL ACTION**
   **Plaintiff**

**VERSUS**                                        **No. 12-1924**

**CITY OF NEW ORLEANS,**
   **Defendant**                    **SECTION "E"**

### ORDER

Before the Court is the Joint Motion and Memorandum for Entry of Consent Decree (the "Joint Motion for Entry of Consent Decree"), filed by the City of New Orleans and the United States of America on July 24, 2012, the same day on which the United States filed its Complaint for declaratory and injunctive relief under the Violent Crime Control and Law Enforcement Act, 42 U.S.C. § 14141; the Omnibus Crime Control and Safe Streets Act of 1968, 42 U.S.C. § 3789d; and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d to 200d-7, and its implementing regulations, 28 C.F.R. §§ 42.101-.112.[1]

Generally speaking, settlement is to be encouraged.  *United States v. Cotton,* 359 F.2d 1326, 1331.  Nonetheless, "[a] consent decree, although founded on the agreement of the parties, is a judgment."  *United States v. City of Miami,* 664 F.2d 435, 439 (5th Cir. 1981) (citing *United States v. Kellum,* 523 F.2d 1284, 1287 (5th Cir. 1975)).  Thus, the court "must not merely sign on the line provided by the parties.  Even though the decree is predicated on consent of the parties, the judge must not give it perfunctory approval." *Miami,* 664 F.2d at 440-441.  When presented with a proposed consent decree, the court must ascertain that the settlement is "fair, adequate and reasonable" and is not the product of "fraud, collusion, or the like."  *Id.* at 441; *Cotton,* 359 F.2d at 1330.  "The court must also

---

[1] R. Doc. 2 (Motion for Entry of Consent Decree); R. Doc. 1 (Complaint).

consider the nature of the litigation and the purposes to be served by the decree. If the suit seeks to enforce a statute, the decree must be consistent with the public objectives sought to be attained by Congress." *Miami,* 664 F.2d at 441.

For these reasons, the Court concludes that any interested persons should be given an opportunity to move to intervene in this case under Federal Rule of Civil Procedure 24. The Court further concludes that the Joint Motion for Entry of Consent Decree should be heard in open court, at which time the parties will be given an opportunity to present such argument, proffers, testimony, and exhibits as will be necessary to allow the Court to comply with the standards described above.  In addition, because of the public interest in a case of this nature, the Court will permit written comments on the proposed Consent Decree by any interested person.  Accordingly,

**IT IS ORDERED THAT** any person wishing to seek intervention in this case under Federal Rule of Civil Procedure 24 shall file a contradictory motion to intervene no later than **August 7, 2012 at 11:59 p.m.**  Any party opposing any motion(s) to intervene shall file an opposition to the motion(s) no later than **August 14, 2012 at 11:59 p.m.**

**IT IS FURTHER ORDERED THAT** a hearing shall be held before Judge Morgan on **August 29, 2012 at 10:00 a.m.** for consideration of the Joint Motion for Entry of Consent Decree**.**  The hearing will be held at the United States District Court for the Eastern District of Louisiana, 500 Poydras St., New Orleans, Louisiana 70130.

**IT IS FURTHER ORDERED THAT** a notice of the hearing in the form attached hereto as Exhibit A shall be published by counsel for the parties in *The Times Picayune* on Sunday, August 12, 2012 and Sunday, August 19, 2012, the cost of such publication to be equally borne by the parties.

**IT IS FURTHER ORDERED THAT** any person wishing to comment upon the proposed Consent Decree shall do so by filing a written submission, not to exceed **20 pages** in length, with the Clerk of this Court no later than **August 24, 2012 at 4:30 p.m.**

New Orleans, Louisiana, this __31st__ day of July, 2012.

_Susie Morgan_

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**