UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-1924** |
| **CITY OF NEW ORLEANS,**<br>    **Defendant** | **SECTION "E"** |

### ORDER AND REASONS

Before the Court is the second motion to stay filed by the Defendant, the City of New Orleans (the "City").[1]  The City seeks to stay the implementation and enforcement of the Consent Decree this Court entered as a final judgment[2] on January 11, 2013, pending appeal of that judgment to the U.S. Court of Appeals for the Fifth Circuit ("Fifth Circuit").[3] For the following reasons, the City's second motion to stay is **DENIED**.

### *Background*

On July 24, 2012, the United States of America ("United States") filed its complaint in this matter against the City after an extensive investigation of the New Orleans Police Department ("NOPD"),[4] pursuant to the Violent Crime Control and Law Enforcement Act (42 U.S.C. § 14141), the Omnibus Crime Control and Safe Streets Act of 1968 (42 U.S.C. § 3789d, the "Safe Streets Act"), and Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d to 2000d-7) and its implementing regulations (28 C.F.R. §§ 42.101-.112) ("Title VI"),

---

[1] R. Doc. 257.

[2] R. Docs. 159 and 160.

[3] R. Doc. 180.

[4] R. Doc. 1 at ¶¶ 14-16.

in order to remedy NOPD's alleged pattern or practice of conduct which subjects individuals to excessive force in violation of the Fourth Amendment, unlawful searches and seizures in violation of the Fourth Amendment, and discriminatory policing practices in violation of the Fourteenth Amendment, the Safe Streets Act, and Title VI.

Less than one hour after the United States filed its complaint, the United States and the City (together, the "Parties") filed a Joint Motion for Entry of Decree. Attached to such motion was a proposed Consent Decree containing detailed provisions concerning changes in NOPD policies and practices related to (1) the use of force; (2) investigatory stops and detentions, searches, and arrests; (3) custodial interrogations; (4) photographic lineups; (5) bias-free policing; (6) community engagement; (7) recruitment; (8) training; (9) officer assistance and support; (10) performance evaluations and promotions; (11) supervision; (12) the secondary employment system, also known as the paid detail system; (13) misconduct complaint intake, investigation, and adjudication; and (14) transparency and oversight. In addition, the proposed Consent Decree also included detailed provisions regarding the implementation and enforcement of the Consent Decree. The Parties' motion stated that they sought "to resolve [the] litigation with entry of the attached negotiated Consent Decree" because the document was "intended to ensure that police services are delivered to the people of New Orleans in a manner that complies with the Constitution and laws of the United States."[5] After careful deliberation to ensure that the proposed Consent Decree was "fair, adequate and reasonable," the Court entered it as a final judgment on January 11, 2013 ("Consent Decree").[6]

---

[5] R. Doc. 2 at pp. 1-2.

[6] R. Docs. 159 and 160. For a more detailed procedural history of this case, *see* R. Doc. 256.

The City sought to withdraw from the Consent Decree and filed a motion to vacate the Court's judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure January 31, 2013.[7]  Pursuant to Rule 62(b), the City also filed a motion to stay the implementation and enforcement of the Consent Decree while the Court considered the City's motion to vacate.[8]  The Court denied the motion to stay, finding that the balance of the equities weighed heavily against granting the City's motion for a stay because (1) the United States and residents of New Orleans would suffer substantial harm if a stay was granted, (2) declining to grant a stay was in the public interest, (3) the City would not suffer irreparable harm if the Court denied the motion to stay, and (4) the City failed to make any argument as to the likelihood of its success on the merits regarding its motion to vacate.[9]

After giving substantial consideration to the City's motion to vacate, the Court denied the motion on May 23, 2013, finding that the City had not presented any legally cognizable basis for relief pursuant to Rule 60, or otherwise.[10]  Thereafter, the City filed the instant motion to stay this case pursuant to Rule 8(a)(1)(A) of the Federal Rules of Appellate Procedure pending appeal of the Court's final judgment to the Fifth Circuit.[11]  This motion to stay is before the Court for decision.

---

[7] R. Doc. 175.

[8] R. Doc. 172.

[9] R. Doc. 179.

[10] R. Doc. 256 at p. 48.

[11] R. Doc. 257.

***Law and Analysis***

After a federal district court enters a final judgment, Rule 8(a)(1)(A) of the Federal Rules of Appellate Procedure requires a party to move first in the district court for a stay of the district court's judgment pending appeal. The Fifth Circuit has set forth four factors a court may consider in determining if it should stay relief pending appeal: " '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.' " *Moore v. Tangipahoa Parish Sch. Bd.*, 2013 WL 141791, at *2 (5th Cir. Jan. 14, 2013) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *Nat'l Treasury Emp. Union v. Von Raab*, 808 F.2d 1057, 1059 (5th Cir. 1987).

The City advances two arguments to support its request for the Court to stay this matter pending appeal. First, the City asserts that it will suffer irreparable injury if it is required to enter into a professional services agreement ("PSA") with the Consent Decree Court Monitor ("Monitor") following the Consent Decree Court Monitor Selection Committee's ("Committee") fifth public meeting, scheduled for May 31, 2013, at 12:00 p.m. noon. The City contends it has extremely limited funds, and that its dire financial position could be exacerbated by its obligation with respect to the Orleans Parish Prison ("OPP").[12] Entering into a PSA with the Monitor when the OPP price tag is undetermined, according to the City, will prevent the City from being able to "meet all [NOPD and OPP] obligations while ensuring that critical City services continue to be provided to citizens."[13] Second, the

---

[12] For additional information regarding the unrelated OPP litigation, *see* R. Doc. 256 at pp. 22-29.

[13] R. Doc. 257-1 at p. 4.

4

City argues that denying a stay will preclude meaningful appellate review because the selection of the Monitor, either by the Committee or by the Court, is quickly approaching.

With respect to the unrelated OPP litigation, as this Court previously observed in denying the City's first motion to stay, "inadequate resources can never be an adequate justification for depriving any person of his constitutional rights." *Udey v. Kastner*, 805 F.2d 1218, 1220 (5th Cir. 1986); *see also Smith v. Sullivan*, 553 F.2d 373, 378 (5th Cir. 1977) (rejecting argument that "lack of funds to implement the trial court's order" justified failure to remedy ongoing constitutional violations); *Gates v. Collier*, 501 F.2d 1291, 1319 (5th Cir. 1972) ("Where state institutions have been operating under unconstitutional conditions and practices, the defense of fund shortage(s) . . . [has] been rejected by the federal courts."). Likewise, the City's argument that denying a stay will preclude appellate review is without merit. The Court entered the Consent Decree as a final judgment, which is, in fact, on appeal to the Fifth Circuit. In addition to the judgment, the Court entered written reasons regarding why it determined the Consent Decree was "fair, adequate, and reasonable." Consequently, nothing prevents the City from obtaining meaningful appellate review.

Furthermore, the City has failed to make any showing whatsoever that (1) its appeal to the Fifth Circuit is likely to succeed on the merits, (2) the United States and residents of New Orleans will not be substantially harmed if the Court grants a stay, or (3) granting a stay is in the public interest. Thus, the City has failed to demonstrate the balance of the equities favors a stay pending appeal. *Moore*, 2013 WL 141791, at *2.

Accordingly, for the reasons the Court previously assigned[14] in denying the City's first motion to stay and for the reasons set forth above,

---

[14] R. Doc. 179.

**IT IS ORDERED** that the City's second motion to stay is **DENIED.**


**New Orleans, Louisiana, this 24th day of May, 2013.**

                                    **SUSIE MORGAN**
                        **UNITED STATES DISTRICT JUDGE**