UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>     Plaintiff | CIVIL ACTION |
| VERSUS | No. 12-1924 |
| CITY OF NEW ORLEANS,<br>     Defendant | SECTION "E" |

### ORDER

The parties, Plaintiff, the United States of America ("United States") and Defendant, the City of New Orleans (the "City"), were unable to agree on the selection of the Monitor to oversee implementation of the Consent Decree in this case. The Court, in accordance with the Consent Decree, therefore selected for them.[1] It chose Sheppard Mullin Richter & Hampton, LLP (the "Monitor").[2]

In the order making that selection, the Court directed the parties and the Monitor to negotiate the terms of the agreement governing the City-Monitor relationship. They have attempted to do so, but after multiple attempts and several interventions by the Court, an agreement has not been reached. The time for delay is over. The Monitor plays a crucial role in the implementation of the Consent Decree, and its work must—after almost seven months—finally begin. Accordingly, the Court enters this order setting forth the terms governing the relationship among the City, the Monitor, and DOJ.

---

[1] R. Doc. No. 2-1, p. 119 ("If the Parties are unable to agree on a Monitor or an alternative selection within the timeframe agreed to by both parties as of the Effective Date, then the Court shall resolve the disagreement."); *see id.* at p. 118 (providing parties with 90 days from the effective date to agree).

[2] R. Doc. No. 283.

1

The parties' negotiations have narrowed their disputes to certain provisions, and the United States, the City, and the Monitor have each been provided an opportunity to propose language for the disputed provisions and to provide arguments why their language should be adopted. The Court has considered their arguments and attaches to this Order as Exhibit A the terms that will govern the relationship among the City, the Monitor, and DOJ.

If the Monitor is agreeable to the terms set forth, it shall within twenty-four hours file a notice in the record stating that it agrees to be bound to the terms the same as if they were a contract executed between the City and the Monitor. The notice shall be signed by representatives of Sheppard Mullin Richter & Hampton, LLP, authorized to bind it as an entity. Effective immediately upon the filing of such a notice, the service of Sheppard Mullin Richter & Hampton, LLP, as Monitor shall begin.

**IT IS SO ORDERED.**

**New Orleans, Louisiana, this 9th day of August, 2013.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**