

United States Court of Appeals
Fifth Circuit

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

**F I L E D**
September 27, 2013

Lyle W. Cayce
Clerk

No. 12-30972

D.C. Docket No. 2:12-CV-1924

UNITED STATES OF AMERICA,

        Plaintiff - Appellee

v.

CITY OF NEW ORLEANS,

        Defendant - Appellee

v.

CRESCENT CITY LODGE NO. 2, FRATERNAL ORDER OF POLICE, INCORPORATED; WALTER POWERS, JR.; COMMUNITY UNITED FOR CHANGE,

        Movants - Appellants

Appeals from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before STEWART, Chief Judge, and DAVIS and WIENER, Circuit Judges.

JUDGMENT

      This cause was considered on the record on appeal and was argued by counsel.

      It is ordered and adjudged that the judgment of the District Court is affirmed.

      IT IS FURTHER ORDERED that appellants pay to appellees the costs on appeal to be taxed by the Clerk of this Court.

ISSUED AS MANDATE:   1 9 NOV 2013

A True Copy    1 9 NOV 2013
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By: *[signature]*
Deputy

New Orleans, Louisiana

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 27, 2013

Lyle W. Cayce
Clerk

No. 12-30972

UNITED STATES OF AMERICA

           Plaintiff-Appellee

v.

CITY OF NEW ORLEANS

           Defendant-Appellee

v.

CRESCENT CITY LODGE NO. 2, FRATERNAL ORDER OF POLICE, INCORPORATED; WALTER POWERS, JR.; COMMUNITY UNITED FOR CHANGE,

           Movants-Appellants

Appeals from the United States District Court
for the Eastern District of Louisiana

Before STEWART, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30972

Movants Crescent City Lodge No. 2, Fraternal Order of Police, Incorporated (FOP); Walter Powers, Jr.;[1] and Community United for Change (CUC) appeal the denial of their motions to intervene as of right and permissively in the consent decree dispute between the United States and the City of New Orleans related to the operation of the New Orleans Police Deparment (NOPD). We affirm.

This court reviews de novo the district court's decision granting or denying a motion to intervene as of right under Federal Rule of Civil Procedure 24(a). *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996)(en banc). An applicant is entitled to intervene in litigation if the four requirements of Federal Rule of Civil Procedure 24(a)(2) are met: (1) the application for intervention is timely; (2) the applicant has an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest is inadequately represented by the parties to the suit. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984)(en banc), *cert. denied*, 469 U.S. 1019 (1984). All four requirements must be met to qualify for intervention as of right. *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994). Requirement (1), the timeliness of the motion, is not at issue in this case. Rather, this case rests on the district court's conclusion that none of the movants had a sufficient interest in the litigation under requirement (2).

Under that requirement, the movant must have a "direct, substantial [and] legally protectable interest" in the subject matter of the proceedings. *New Orleans Pub. Serv., Inc.*, 732 F.2d at 463. This means something more than an

---

[1] FOP and its president, Walter Powers, Jr., are treated collectively because their interests are identical.

2

economic interest. It means an interest "which the substantive law recognizes as belonging to or being owned by the applicant." *Id.* at 464. The district court correctly ruled that CUC's motion failed because it lacked a "legally protectable interest" in the subject matter of this litigation that the substantive law recognizes. The district court also correctly ruled that FOP's motion failed because, while the NOPD officers who are members of FOP are civil servants who have a property interest in their jobs, they have no legally protectable interest in the subject matter of the litigation because the consent decree does not modify the civil service system for NOPD officers.

The district court also did not err in denying the movants' request for permissive intervention. Permissive intervention is left to the discretion of the district court, and is appropriate when the intervention request is timely, the intervenor's "claim or defense and the main action have a question of law or fact in common," and granting intervention will not unduly delay or prejudice the original parties in the case. Fed. R. Civ. P. 24(b)(2); *Edwards*, 78 F.3d at 999; *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987). A district court may deny permissive intervention even when the requirements of Rule 24(b) are met. *New Orleans Pub. Serv., Inc.*, 732 F.2d at 471. This court will not reverse absent a clear abuse of discretion. *Id.*

This is a tough standard to meet and cannot be met on the facts of this case. The district court explained its denial on the basis that allowing the movants to intervene would unduly delay the proceedings and was not necessary because the court provided FOP ample opportunity to assist the court in its consideration of the consent decree and that intervention by CUC would not significantly assist the court. Movants also make no persuasive argument that their interests are not adequately represented by the parties to the suit.

For the foregoing reasons, the district court's denial of the movants' motions to intervene is affirmed.

No. 12-30972

AFFIRMED.

4