UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CIVIL ACTION NO.** **12-CV-01924** |
| **VERSUS** | : | |
| | : | **SECTION E** **JUDGE SUSIE MORGAN** |
| **CITY OF NEW ORLEANS** | | |
| | : | **DIVISION 2** **MAGISTRATE WILKINSON** |

**CONSENT MOTION FOR TEMPORARY EXEMPTION FROM WORK LIMITS
PURSUANT TO CONSENT DECREE PARAGRAPH 487**

The Defendant, the City of New Orleans ("City"), and the United States (together "Parties") jointly move this Honorable Court for an order to impose limited temporary exemptions from Paragraph 365 of the Consent Decree.

The Consent Decree requires the City to reform and regulate police secondary employment. In particular, the Consent Decree requires the creation of a single, civilian supervised office to coordinate secondary employment "to ensure that its officers' secondary employment does not compromise or interfere with the integrity and effectiveness of NOPD employees' primary work as sworn officers serving the entire New Orleans Community." Consent Decree, Rec. Doc. No. 159-1 at 84. The Consent Decree requires that the "Secondary Employment Coordinating Office" shall have "sole authority to arrange, coordinate, arrange fully-auditable payment, and perform all other administrative functions related to NOPD employees' off-duty secondary law enforcement employment (paid details) and shall be operated in accordance with the requirements of this Agreement." Consent Decree Rec. Doc. No. 159-1at 85. Consistent with these requirements of the Consent Decree, the City has created the Office of Police Secondary Employment ("OPSE");

1

appointed an OPSE Executive Director, John Salomone; and has worked towards ensuring police secondary employment is conducted in a manner that complies with the Decree.

Paragraph 365 of the Consent Decree provides that "[n]o employee, including Reserve officers, shall work more than 16 hours within a 24-hour period." Consent Decree, ¶ 365 [Rec. Doc. No. 159-1]. In the course of overseeing second employment OPSE has observed that for certain special and large crowd events, ensuring that public safety needs are there are limited circumstances that necessitate a small number of officers to remain in their secondary employment assignments beyond the 16 hour limitation.

Paragraph 487 of the Consent Decree provides for a temporary suspension of certain requirements of the Decree where the parties to the Consent Decree or the Monitor are uncertain whether a permanent change to the Consent Decree is advisable. Paragraph 487 also allows the Parties to agree to temporarily implement an alternative requirement. In particular, paragraph 487 of the Consent Decree provides:

> The City and DOJ may jointly stipulate to make changes, modifications, and amendments to this Agreement, which shall be submitted to the Court for approval. Such changes, modifications, and amendments to this Agreement shall be encouraged when the Parties agree, or where the reviews, assessments, and/or audits of the Monitor demonstrate, that the Agreement provision as drafted is not furthering the purpose of the Agreement, or that there is a preferable alternative that will achieve the same purpose. *Where the Parties or the Monitor are uncertain whether a change to the Agreement is advisable, the Parties may agree to suspend the current Agreement requirement for a time period agreed upon at the outset of the suspension. During this suspension, the Parties may agree to temporarily implement an alternative requirement. The Monitor shall assess whether the suspension of the requirement and the implementation of any alternative provision is as, or more, effective at achieving the purpose as was the original/current Agreement requirement, and the Parties shall consider this assessment in determining whether to jointly stipulate to make the suggested change, modification, or amendment.*

(emphasis added).

Accordingly, to promote an appropriate balance between the requirements of the Consent Decree and the need to ensure public safety at certain events, the City, pursuant to Consent Decree Paragraph 487, seeks a temporary exemptions from the 16 hour limit set

forth in Paragraph 365 from this day until December 21, 2016 for limited events as follows:

1. **Event:**

    a. Any event requiring

    i. the secondary employment of 50 or more simultaneously serving officers; **and**

    ii. occurring on a weeknight or at a time when officer availability is extremely limited because of concurrent special events or police emergency or for which there is a public safety imperative, as determined by the superintendent of police, city attorney, or chief administrative officer.

    b. Any event of any size or duration that is related to the emergency repair of public utilities or infrastructure that requires police security or traffic regulation and for which the early departure of an officer would create a public safety hazard or delay in the repair of the critical infrastructure.

2. **Number of Officers Per Event:**

    a. For events with 50 or more simultaneously serving officers: no more than 20% of the total number of officers working the event;

    b. For public utility or infrastructure repair events: the minimum number of officers to safely enable the resolution of the emergency, as determined by an NOPD supervisor.

3. **Maximum Duration of Extension Beyond 16 hours: 3 hours.**

The City agrees to invoke this exception only where necessary for public safety and where no reasonable alternative exists. This will likely only occur no more than 8-10 times annually:

   i. Up to four Saints weeknight games (preseason included);

   ii. First Friday of LHSAA football playoffs;

   iii. Thursday and Friday of French Quarter Fest; and

   iv. First Friday & Middle Thursday and Friday of Jazz Fest.

OPSE will notify the United States and Consent Decree Monitors, in writing, of the circumstances and details when an officer exceeds 16 hours in a 24-hour period. This notification will come after the close of the pay period covering the event and will include: the event, each officer who exceeded 16 hours, the actual duration of the officer's shift, and a description of why the longer

3

shift was required. While the Parties do not seek to modify the Consent Decree at this time, the Parties request that OPSE be allowed to implement the temporary exemptions from Paragraph 365 as outlined above.

The City requests that this limited temporary exemption to Paragraph 365 be effective to December 21, 2016 through and including December 21, 2016 unless terminated or modified with the Court's approval. This exemption will allow, the Parties, the Monitor and the Court to monitor and assess whether performance under the circumstances outlined above is consistent with the Consent Decree's goals. In the event the Monitor or either of the Parties determines during the course of performance of the limited temporary exemption to Paragraph 365 that performance is not consistent with constitutional policing as set forth in the Consent Decree, or that there does not exist a sufficient basis to determine whether performance under the limited temporary exemption to Paragraph 365 is consistent with constitutional policing as set forth in the Decree, the parties shall work in good faith to remedy the deficiency. If the parties remain unable to conform performance of the temporary exemption to Paragraph 365 to the requirements of constitutional policing as set forth in the Decree, or remain unable to determine whether the temporary exemption to Paragraph 365 is being implemented in a manner that is consistent with constitutional policing as set forth in the Decree, then either party or the Monitor may seek approval from the Court to terminate the temporary exemption requested herein.

For the foregoing reasons, the Parties, pursuant to Consent Decree paragraph 487, request the Court to exempt the terms of the Consent Decree as they apply to Paragraph 365 to enable the Parties to assess whether secondary employment on the conditions outlined above are consistent with constitutional policing in New Orleans.

                Respectfully submitted,

                /s/ Cherrell S. Taplin _____
                CHRISTY HAROWSKI (LSB #30712)

                                                    DEPUTY CITY ATTORNEY
                                                    CHERRELL S. TAPLIN, 28227
                                                    SR. CHIEF DEPUTY CITY ATTORNEY
                                                    REBECCA H. DIETZ (LSB#28842)
                                                    CITY ATTORNEY
                                                    1300 Perdido Street, Ste. 5E03
                                                    New Orleans, Louisiana  70112
                                                    Telephone:  504-658-9920
                                                    Facsimile:  504-658-9868
                                                    rhdietz@nola.gov

                                                    *Attorneys for the City of New Orleans*


| KENNETH POLITE | JOCELYN SAMUELS |
| --- | --- |
| United States Attorney | Acting Assistant Attorney General |
| Eastern District of Louisiana | Civil Rights Division |
| | |
| STEPHEN C. PARKER (TN 12747) | MARK KAPPELHOFF |
| Assistant United States Attorney | Acting Deputy Assistant Attorney General |
| Eastern District of Louisiana | Civil Rights Division |

                                                    JONATHAN M. SMITH
                                                    Chief

                                                    EMILY A. GUNSTON (T.A.) (CA 218035)
                                                    Special Counsel
                                                    Special Litigation Section

                                                    */s/ Jude Volek*_____
                                                    JUDE VOLEK (NY 10041483)
                                                    Trial Attorney
                                                    United States Department of Justice
                                                    Civil Rights Division
                                                    Special Litigation Section
                                                    950 Pennsylvania Avenue, NW
                                                    Washington, DC 20530
                                                    Tel.: (202) 353-1077
                                                    Email: jude.volek@usdoj.gov

                                                    *Attorneys for The United States*

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing pleading has been served on all counsel of record through the Court's CM/ECF electronic filing system this 16th day of December, 2015.

                                                  /s/  Cherrell S. Taplin
                                                  CHERRELL S. TAPLIN