UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**

**VERSUS**

**CITY OF NEW ORLEANS**

**CIVIL ACTION NO.**
**12-CV-01924**

**SECTION E**
**JUDGE SUSIE MORGAN**
**DIVISION 2**
**MAGISTRATE WILKINSON**

## ORDER

Considering the foregoing Joint Motion to Amend Paragraphs 87, 228, 311, 366, 376(1), and 430 of the Consent Decree, **IT IS ORDERED ADJUDGED AND DECREED** that the Motion is **GRANTED** and that Paragraphs 87, 228, 366, 376(1), and 430 of the Consent Decree entered by this Court on January 11, 2013, shall be replaced with the language that follows:

87.	Each supervisor shall provide a written gist to the Division Commander by the end of the shift documenting the use of force, including a summary of the force incident, the level of force used, the location of the incident, all involved officers, and the force tracking number.

228.	Within 240 days of the Effective Date, NOPD agrees to develop measurements to assess the effectiveness of its community partnerships and problem-solving strategies, including the effectiveness of the community liaison program.  NOPD agrees to prepare a publicly available report on at least a quarterly basis detailing its community policing efforts in each District, including developing community partnerships and participating in public meetings, and its problem-solving activities, including specific problems addressed and steps taken by NOPD and the community toward their resolution.  This report also shall identify obstacles faced and recommendations for future improvement.  At least annually, NOPD agrees to issue a publicly available report that summarizes these problem-solving and community policing activities.

366.	Commissioned Reserve officers are allowed to register for and work secondary employment assignments through the Coordinating Office if they are full time active duty officers in good standing or Commissioned Reserve Officers on the Effective Date.  The

1

following further limitations and restrictions shall apply to all Reserve members, however:

    a) Plain clothes secondary employment coordinated through the Coordinating Office must be approved by the Superintendent or his designee prior to allowing any Reserve officer to work in plain clothes;

    b) Reserve officers shall not work secondary employment for their current employer or for anyone for whom they have worked full time during any period within two years of the Effective Date;

    c) Reserve officers shall not work secondary employment during the first year after graduation from the Reserve Police Academy;

    d) Reserve officers must have volunteered a minimum of 480 hours in the prior calendar year to be eligible to work secondary employment during the following calendar year. Officers who have met this requirement may work the same number of hours as a full-time, paid commissioned member of the NOPD. This requirement is waived for resigned or retired commissioned officers in their first year in the Reserve Division;

    e) [Subparagraph stricken]

    f) [Subparagraph stricken]

    g) The Coordinating Office shall monitor annual authorization forms for reserve officers to ensure compliance with this agreement; and

    h) Reserve officers shall follow all policies and procedures of NOPD, the NOPD Reserve Division and this Agreement while working secondary employment.

    i) [Subparagraph stricken]

376. Notwithstanding the requirement that all allegations of misconduct be fully and fairly investigated, NOPD through PIB may elect to address certain allegations of misconduct through one of the following alternative mechanisms as set forth herein:

    1) <u>Non-Disciplinary Counseling</u>

In certain limited circumstances, a supervisor may elect to address a minor violation/infraction through non-disciplinary counseling or remedial training. A minor violation/infraction that is eligible for non-disciplinary counseling is a violation of a Department rule, policy, procedure, regulation, or instruction that a supervisor believes requires minimal intervention through retraining and counseling (e.g., tardiness, uniform requirement, forgetting to complete an FIC, cleanliness of vehicle). The behavior must not be the subject of a civilian complaint and must be sufficiently minor that it is correctable by simple counseling and minimal intervention, with the goal of non-repetitive behavior. Repetition of similar violations within a 12-month period (based on the date of the observed violation) may require discipline. When a member repeatedly (i.e., more than three times within a 12-month period) commits the same minor violation/infraction, the supervisor shall not handle the minor violation/infraction through a non-disciplinary response.

If a supervisor elects to address a minor violation/infraction through non-disciplinary counseling, the supervisor shall document the minor violation/infraction, as well as the specific counseling imposed, and transmit that documentation to PIB within five days of the supervisor becoming aware of the minor violation/infraction. PIB shall review the documentation and shall have authority to require a full investigation into the alleged

minor violation/infraction.

NOPD agrees to develop and incorporate into policy specific protocols for employing non-disciplinary counseling in a manner that is consistent with the terms of the Decree.

430.   Within 120 days of the Effective Date, NOPD shall develop and implement a system of formal coordination between a command-level NOPD official and the DA, municipal and state court judges, the Orleans Public Defenders, the FBI, the USAO, and the IPM.  This criminal justice coordination group shall be convened by the USAO and shall meet quarterly to share regular feedback regarding the quality of NOPD arrests and indicia of misconduct; to refer specific allegations of misconduct for investigation; and to receive an update on the status of previous referrals.

**IT IS FURTHER ORDERED ADJUDGED AND DECREED** that Paragraph 311 of the Decree shall be stricken.

**IT IS SO ORDERED.**

New Orleans, Louisiana this ___7th___ day of ___September___ 2018

_____
JUDGE SUSIE MORGAN