UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff, | CIVIL ACTION NO.<br>2:12-CV-01924-SM-DPC |
| V. | JUDGE SUSIE MORGAN |
| CITY OF NEW ORLEANS,<br>　　　　　　Defendant. | MAG. DONNA PHILLIPS CURRAULT |

**MOTION TO TERMINATE THE CONSENT DECREE
BY THE CITY OF NEW ORLEANS**

**NOW INTO COURT**, comes Defendant, City of New Orleans (the "City"), who moves to terminate the Consent Decree (R. Doc. 565) pursuant to Rule 60(b)(5) for the reasons set forth below, and as more fully detailed in the accompanying memorandum in support, as follows:

1.　The City presents three bases upon which termination of the Consent Decree ("Decree") is appropriate at this time.

2.　First, the City has substantially complied with the Decree under the standard repeated recently by the Fifth Circuit in *Frew v. Young*, No. 21-40028 (5th Cir. 2022) 2022 U.S. App. Lexis 1027* 2022 WL 13512, regarding the application of Rule 60(b)(5) institutional reform consent decrees.

3.　Any systemic violations of federal law were remedied years ago. According to the numerous NOPD and Monitor reports, there are no ongoing violations of the federal laws cited by the DOJ's complaint.

4.　NOPD has been engaged in constitutional policing for more than two years now. The remaining objectives are worthy, but "are aimed at eliminating a condition that does not violate

[federal law] or does not flow from such a violation.'" *Horne v. Flores*, 557 U.S. 433, 450, 129 S. Ct. 2579, 2595, 174 L. Ed. 2d 406, 421. "If a durable remedy has been implemented, continued enforcement of the order is not only unnecessary, but improper." *Id*.

5. Second, even if the City is not found in full compliance with every line of the Decree, it has satisfied its definition of "full and effective compliance" through "sustained and continuing improvement in constitutional policing, as demonstrated pursuant to the Agreement's outcome measures" at Paragraph 448 of the Consent Decree. (Rec. Doc. 565)

6. Finally, termination is warranted based on the drastic modifications to the Decree process imposed on the City. Those changes to the agreed upon reform process have rendered compliance a completely subjective decision for the DOJ. That subjectivity has added years to the process and exhausted the City's resources.

7. Resolution of federal control over the City's police department is warranted and best for the people of New Orleans.

**WHEREFORE**, the City of New Orleans moves to terminate the Consent Decree pursuant to Federal Rule of Civil Procedure 60(b)(5).

*Respectfully submitted*, this 16th day of August 2022.

*Davillier Law Group, LLC*

/s/ Charles F. Zimmer II
Daniel E. Davillier La. No. 23022
Charles F. Zimmer II (T.A.) La. No. 26759
Jonathan D. Lewis, La. No. 37207
935 Gravier Street, Suite 1702
New Orleans, LA  70112
Phone: (504) 582-6998
Fax: (504) 582-6985
ddavillier@davillierlawgroup.com
czimmer@davillierlawgroup.com

*Counsel of Record for the City of New Orleans*

**CERTIFICATE OF SERVICE**

I certify that I have served a copy of the above and foregoing pleading via Notice of Electronic filing using this Court's CM/ECF system to counsel of record participating in the CM/ECF system on this 16th day of August 2022.

/s/ Charles F. Zimmer II