UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO. 12-1924 |
| CITY OF NEW ORLEANS | SECTION: "E" (2) |

**ORDER AND REASONS**

On August 18, 2022, the City of New Orleans ("the City") filed a Motion to Terminate the Consent Decree.[1] Before the Court is a Motion for Leave by the State of Louisiana, Office of the Attorney General ("A.G.") to File an Amicus Brief in Support of the City of New Orleans' Motion to Terminate the Consent Decree.[2]

No federal rule exists governing the procedural or substantive requirements for district court amicus curiae briefs. The Local Rules of the U.S. District Court for the Eastern District of Louisiana are equally silent. Decisions on the issue by the U.S. Court of Appeals for the Fifth Circuit and district courts within the circuit,[3] however, are helpful to this Court's analysis as they lay out a series of factors courts should consider in exercising their inherent docket-management authority and "broad discretion" to admit an amicus curiae.[4]

In *USA v. Hamdan*, a case involving allegations that the Eastern District of Louisiana's Clerk's Office's method of jury selection systematically excluded people of color, a different section of this court determined participation by the Clerk's Office as

---

[1] R. Doc. 629.
[2] R. Doc. 642.
[3] *See, e.g., Sierra Club v. Federal Emergency Management Agency, et al.*, 2007 WL 3472851 (S.D. TX 11/14/2007); *USA v. Hamdan, et al.*, 2021 WL 809376 (E.D. La. 3/3/2021); *In re Halo Wireless, Inc.*, 684 F.3d 581 (5th Cir. 2012).
[4] *Sierra Club*, 2007 WL 3472851 at *1.

1

amicus curiae was not useful to the court.[5] In doing so, that section considered a series of factors to guide the exercise of its discretion, including whether the proposed amicus sufficiently "ma[d]e a showing that his participation [wa]s useful to or otherwise desirable by the court,"[6] the neutrality of the proposed amicus,[7] whether the parties were represented by competent counsel, and whether the parties opposed the participation as amicus.[8] The court highlighted that "[a]n amicus who argues facts should rarely be welcomed"[9] and that "acceptance of an . . . *amicus curiae* should be allowed only sparingly."[10]

The factors considered in *Hamdan* mirror those outlined by a Texas district court in *Sierra Club v. Federal Emergency Management Agency*.[11] In *Sierra Club*, the Cypress Creek Flood Control Coalition ("CCFCC") sought leave to file an amicus brief in an appeal brought by the Sierra Club relating to "the denial of their administrative appeal of a final flood elevation determination for the Cypress Creek watershed made by the Federal Emergency Management Agency (FEMA) for Harris County, Texas."[12] In denying the CCFCC's motion for leave,[13] the U.S. District Court for the Southern District of Texas first recognized that "[t]he extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the

---

[5] *Hamdan, et al.*, 2021 WL 809376 at *5.
[6] *Id.* (quoting *USA v. Davis*, 180 F. Supp. 797, 800 (E.D. La. 2001)).
[7] *Id.*
[8] *Id.*
[9] *Id.* (quoting *Strasser v. Dooley*, 432 F.2d 567 (1st Cir. 1970)).
[10] *Id.* (quoting *News and Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30, 32 (S.D. Fla. 1988) (further internal quotations omitted)). In sum, six factors exist: (1) whether the parties consented to the amicus curiae; (2) whether the proposed amicus curiae had a sufficient interest in the outcome; (3) whether the amicus brief was useful or helpful to the court; (4) whether the parties were well-represented; (5) whether the amicus brief argued facts; and (6) the neutrality of the proposed amicus curiae.
[11] *Sierra Club*, 2007 WL 3472851 at *1.
[12] *Id.*
[13] *Id.* at *4.

district court."[14] Further, "[a] district court must keep in mind the differences between the trial and appellate court forums in determining whether it is appropriate to allow an *amicus curiae* to participate. Chief among those differences is that a district court resolves fact issues."[15] Indeed, like the court in *Hamdan*, the court in *Sierra Club* recognized that "[a]n amicus who argues facts should rarely be welcomed."[16] The court in *Sierra Club* also considered whether the proposed amicus submitted its brief as "*amicus petit*," *i.e.*, "friend of the plaintiff" or movant as opposed to "*amicus curiae*," *i.e.*, "friend of the court," whether the relevant law was particularly complex or ambiguous, whether the parties were well represented, and whether the proposed briefing raised new issues or information.[17]

Finally, though decided in the context of the Fifth Circuit's exercise of its discretion to accept an amicus brief that did not "fall within the parameters of [Federal Rule of Appellate Procedure] 29," in *In re Halo Wireless, Inc.*, the Fifth Circuit rejected an amicus brief when, *inter alia*, the brief failed to "add[] anything consequential to [its] consideration" and when "there [wa]s no evidence that any of the [parties] [were] poorly represented."[18]

Applying *Hamdan*, *Sierra Club*, and *In re Halo Wireless* to the instant Motion for Leave,[19] the Court finds that participation by the A.G. as amicus curiae is not warranted in this case. While the parties have consented to the granting of the Motion

---

[14] *Id.* at *1 (quoting *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)) (citing *United States ex rel. Gudur v. Deloitte Consulting, L.L.P.*, 2007 WL 836935 *6 (S.D. TX 3/15/2007); *Hoptowitt v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982); *Concerned Area Residents for the Env't v. Southview Farm*, 834 F. Supp. 1410, 1412 (W.D. N.Y. 1993); *United States v. Gotti*, 755 F.Supp. 1157, 1158 (E.D.N.Y 1991); *Pa. Envtl. Def. Found. v. Bellefonte Borough*, 718 F.Supp. 431, 434 (M.D. Pa. 1989); *Leigh v. Engle*, 535 F.Supp. 418, 420 (N.D. Ill. 1982)).
[15] *Id.* (quoting *Leigh*, 535 F.Supp. at 422).
[16] *Id.* (quoting *Stooley*, 432 F.2d at 569).
[17] *Id.* at *2.
[18] *In re Halo Wireless, Inc.*, 684 F.2d 581, 596 (5th Cir. 2012).
[19] R. Doc. 642.

3

for Leave,[20] the other five factors guiding the Court's exercise of its discretion weigh against granting the Motion for Leave.

First, the proposed amicus curiae alleges it has an interest in the outcome of the pending Motion to Terminate the Consent Decree.[21] Counsel for proposed amicus curiae argue "[b]ecause institutional reform consent decrees . . . implicate sensitive federalism concerns that only the States can represent as dual sovereigns with the federal government" the A.G. should be allowed to participate as amicus curiae to "help the Court understand how its decision of the City's Motion will affect important interests beyond those of the parties."[22] While the A.G. "may have a unique perspective,"[23] it has not carried its burden of demonstrating an interest significant enough in matters of local concern—such as the pending Motion to Terminate the Consent Decree between the United States Department of Justice ("DOJ") and the City of New Orleans—to justify its participation as amicus curiae. This factor weighs against granting the Motion for Leave.

Second, the proposed amicus brief is not useful or helpful to the Court—it merely reiterates the same arguments for terminating the consent decree the City raised in its motion, including federalism concerns that are implicated by federal consent decrees—the primary focus of the amicus brief.[24] Further, the legal standards that govern whether a court should terminate a consent decree are not particularly complex or ambiguous, and there is a plethora of caselaw to guide the Court's decision—most of which is binding precedent. This factor weighs against granting the Motion for Leave.

---

[20] *Id.*
[21] *Id.* at p. 1.
[22] *Id.*
[23] *In re Halo Wireless, Inc.*, 684 F.2d at 596. As explained below, this unique perspective merely reiterates the City's Motion to Terminate the Consent Decree.
[24] *Compare* R. Doc. 642 *with* R. Doc. 629.

4

Third, the City and the DOJ are represented by experienced attorneys, and the parties—both of whom are sophisticated—have not advised the Court that they are poorly represented. Neither has the A.G. argued the parties are not well represented. This factor weighs against granting the Motion for Leave.

Fourth, underpinning the arguments raised in the proposed amicus brief is a factual assertion that the City is in substantial compliance with the Consent Decree. "An amicus who argues facts should rarely be welcomed."[25] This factor weighs against granting the Motion for Leave.

Fifth, the proposed amicus brief titled "Amicus Brief in Support of the City of New Orleans' Motion to Terminate the Consent Decree," which was filed months before discovery will conclude and months before completion of briefing on the City's Motion to Terminate the Consent Decree,[26] is neither neutral nor designed to assist the Court. Instead, because the proposed "amicus curiae" clearly supports the movant, it is more akin to an "*amicus petit*." This factor weighs against granting the Motion for Leave.

At bottom, five of the six factors derived from *Hamdan*, *Sierra Club*, and *In re Halo Wireless* weigh against granting the A.G.'s Motion for Leave to File an Amicus Brief. Accordingly, the Court, exercising its broad discretion and docket-management authority,[27] concludes that participation by the A.G. as amicus curiae is not warranted.

---

[25] *Sierra Club*, 2007 WL 3472851 at *1 (quoting *Stooley*, 432 F.2d at 569).

[26] On September 6, 2022, during a status conference with the parties, the Court implemented a scheduling order to facilitate resolution of the City's Motion to Terminate the Consent Decree. R. Doc. 641. Discovery must be completed by March 6, 2023, and all briefing will be finalized by April 21, 2023. *Id.*

[27] *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)); *see also United States ex rel. Gudur v. Deloitte Consulting, L.L.P.*, 2007 WL 836935 *6 (S.D. TX 3/15/2007); *Hoptowitt v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982); *Concerned Area Residents for the Env't v. Southview Farm*, 834 F. Supp. 1410, 1412 (W.D. N.Y. 1993); *United States v. Gotti*, 755 F.Supp. 1157, 1158 (E.D.N.Y 1991); *Pa. Envtl. Def. Found. v. Bellefonte Borough*, 718 F.Supp. 431, 434 (M.D. Pa. 1989); *Leigh v. Engle*, 535 F.Supp. 418, 420 (N.D. Ill. 1982).

## **CONCLUSION**

**IT IS ORDERED** that the Motion for Leave by the State of Louisiana, Office of the Attorney General to File an Amicus Brief in Support of the City of New Orleans' Motion to Terminate the Consent Decree[28] is **DENIED**.

**New Orleans, Louisiana, this 26th day of September, 2022.**

<em>[signature: Susie Morgan]</em><br>
<strong>SUSIE MORGAN</strong><br>
<strong>UNITED STATES DISTRICT JUDGE</strong>

---

[28] R. Doc. 642.