UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>   **Plaintiff,**<br>V.<br>**CITY OF NEW ORLEANS,**<br>   **Defendant.** | **CIVIL ACTION NO.**<br>**2:12-CV-01924**<br><br>**SECTION E**<br>**JUDGE SUSIE MORGAN**<br>**DIVISION 2**<br>**MAG. DONNA PHILLIPS CURRAULT** |

### NOTICE REGARDING PARAGRAPH 492

The United States files this notice pursuant to the Court's September 12, 2022 scheduling order, ECF No. 641, to notify the Court of its position regarding Paragraph 492 of the Consent Decree. *See also* ECF No. 565 ("Decree") at ¶ 492; ECF No. 159-1. In the scheduling order, the Court set a deadline of October 6, 2022 for the United States to file "[a]ny motion … to deny the Motion to Terminate the Consent Decree because it fails to comply with the requirements of ¶ 492 of the Consent Decree." ECF No. 641 at 2. As set forth below, the United States does not believe that the City of New Orleans' Motion to Terminate the Consent Decree Regarding the New Orleans Police Department ("NOPD") ("Motion to Terminate") satisfies the requirements of Paragraph 492 of the Decree, but it does not find it necessary to move to deny the Motion to Terminate on those grounds.

Since the Motion to Terminate was filed, the United States and the City of New Orleans ("City") have begun conferring as contemplated under Paragraph 492, and the City has produced an initial set of information so that the United States can conduct the audits and evaluations it is entitled to under Paragraph 492. Decree at ¶ 492. In addition, the Court has issued a scheduling order providing for a six-month discovery period on the Motion to Terminate, which the United States believes will provide a "reasonable period" to conduct this consultation and evaluation as

1

described in Paragraph 492. *Id.*; ECF No. 641. Accordingly, the United States does not seek any further relief under Paragraph 492 at this time.

I. **Background**

On August 4, 2022, Mayor LaToya Cantrell and Superintendent of Police Shaun Ferguson hosted a press conference during which the mayor stated that she would be moving for termination of the Consent Decree.[1] The United States was surprised by this announcement, and on August 8, 2022, the United States sent a letter to the City highlighting, among other things, the requirement in Paragraph 492 that the City provide written notice to initiate its termination process. ECF No. 643-3. The City did not respond to the letter. Instead, on August 18, 2022, the City filed the Motion to Terminate, asserting that termination was appropriate under both Paragraph 492 and Rule 60(b)(5) of the Federal Rules of Civil Procedure. ECF No. 629. In the Motion to Terminate, the City asserts that it provided written notice, relying on a memorandum it sent to the United States in November 2020, nearly two years earlier. *Id.* at 22, *see also* ECF 625-6.

On August 22, 2022, the Parties met to discuss a path forward. During the meeting, the Parties agreed that the United States would send the City a request for information, the City would provide the information within two weeks, the United States would review the information within two weeks, and then the Parties would meet again to discuss next steps. ECF No. 643-3 at 1-2. The City also agreed to push back the deadline for the United States' response to the Motion to Terminate to October 18, 2022. *See id.* Following the meeting, on August 26, 2022, the United States submitted a request for the data and information needed under Paragraph 492 to assess whether the City has achieved and sustained "full and effective compliance" with the Consent

---

[1] *See* John Simerman, Matt Sledge, and Missy Wilkinson, *Mayor LaToya Cantrell Will Move to Terminate NOPD Consent Decree*, NOLA.COM, Aug. 4, 2022, https://www.nola.com/news/crime_police/article_3d9e767c-1406-11ed-a7ab-afbea5f7bc0e.html.

Decree. *Id.* The City began providing information in response to the United States' request on September 16, 2022, and completed its initial production on September 27, 2022. The United States has begun reviewing that production.

As the Parties exchanged emails clarifying aspects of the United States' August 26, 2022 letter, *see id.*, the City informed the United States on August 29, 2022, that it would be seeking to introduce live witness testimony at any hearing on the Motion to Terminate. In response, the United States stated that it would need discovery if the City sought to introduce evidence at the hearing on the Motion to Terminate. The Parties began discussing what discovery would be necessary on August 31, 2022. While these discussions were still ongoing, the Court scheduled a status conference for September 6, 2022, and in that status conference the United States informed the Court that it intended to take discovery on the Motion to Terminate. *See* ECF No. 641. Accordingly, on September 12, 2022, the Court issued a scheduling order providing six months for the Parties to complete discovery related to the Motion to Terminate, and setting a deadline of April 6, 2023 for the United States to file its opposition. *Id.* at 2. In that same order, the Court set a deadline for the United States to file "[a]ny motion … to deny the Motion to Terminate the Consent Decree because it fails to comply with the requirements of ¶ 492 of the Consent Decree" of October 6, 2022. *Id.*

On September 23, 2022, the City filed a Motion to Reconsider. ECF No. 643. In that Motion, the City requested reconsideration of a number of items, including some related to Paragraph 492 of the Consent Decree and the Court's September 12, 2022 scheduling order. The United States' response to the Motion to Reconsider is due on October 18, 2022.

II.   **Discussion**

In the United States' view, the City did not comply with the notice requirements of

3

Paragraph 492 when filing its Motion to Terminate, but subsequent events have provided the United States with the rights to which it was entitled under Paragraph 492. Decree at ¶ 492. Accordingly, a motion to deny the Motion to Terminate on those grounds is unnecessary. The City did not comply with the requirements of Paragraph 492 for at least two reasons: (1) the notice provided in the November 30, 2020 memorandum is out of date and provides no information about the City's current determination of its status of compliance; and (2) the City failed to provide the information the United States requested in response to the November 30, 2020 memorandum to evaluate the City's compliance and abandoned its pursuit of termination at that time. The United States will address these arguments in its response to the City's Motion to Reconsider, where the City has put them at issue.[2]

Although the City did not comply with notice requirements of Paragraph 492 before filing its Motion to Terminate, the United States does not move to deny the Motion to Terminate on those grounds. While the City and the United States may disagree about whether the City has provided sufficient notice under Paragraph 492, since the City filed its motion, it has nevertheless agreed to provide the information necessary for the United States to initiate the audits and evaluations contemplated in that provision of the Decree. Decree at ¶ 492. Additionally, the Court issued a scheduling order on September 12, 2022, that provided for a six-month discovery period on the Motion to Terminate. ECF No. 641. This six-month timeframe provides the United States with the "reasonable period" to conduct the consultation and evaluation described in Paragraph 492, which the United States believes may run concurrently with the discovery to which the United States is entitled on the Motion to Terminate, including on the City's Rule 60(b)(5) claims.[3]

---

[2] To the extent that these arguments are also at issue in the City's Motion to Terminate, the United States will address those arguments after completing discovery as set forth in the September 12, 2022 scheduling order.
[3] The United States notes that Paragraph 492 also addresses the Monitor's consultation with the Parties and the

Decree at ¶ 492. The City has challenged the discovery period in its Motion to Reconsider, and the United States will address those arguments in its response to that motion. At this time, however, denial of the Motion to Terminate because of the City's failure to comply with the notice requirements of Paragraph 492 is unnecessary.

For the reasons explained above, the United States respectfully requests that the Court take notice of its position regarding the City's compliance with the notice requirements of Paragraph 492. Denial of the City's Motion to Terminate on these grounds is unnecessary.

Respectfully submitted this 6th day of October, 2022.

        KRISTEN CLARKE
        Assistant Attorney General
        Civil Rights Division

        STEVEN H. ROSENBAUM
        Chief

        TIMOTHY D. MYGATT (DC 1021564)
        Deputy Chief

        */s/ Megan R. Marks*
        R. JONAS GEISSLER (NJ 025752001)
        MEGAN R. MARKS (NY 5495676)
        MEHVEEN RIAZ (DC 1030021)
        Trial Attorneys
        Special Litigation Section
        Civil Rights Division
        United States Department of Justice
        950 Pennsylvania Avenue, NW
        Washington, DC 20530
        Tel.: (202) 598-0135
        Fax: (202) 353-3522
        Email: megan.marks@usdoj.gov

        *Attorneys for the United States*

---

Monitor's ability to conduct any audits or evaluations it may wish to undertake. The United States does not purport to speak for the Monitor in this filing.