**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>   **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  12-1924** |
| **CITY OF NEW ORLEANS,**<br>   **Defendant** | **SECTION "E"** |

## ORDER

On April 3, 2023, the Court issued an order setting a hearing in this matter on April 12, 2023 for a presentation to the public by the Consent Decree Monitors, representatives of the New Orleans Police Department's Alternative Police Response Section, and co-responders such as On-Scene Services (traffic accidents), the New Orleans Family Justice Center (victim services), and the City of New Orleans Health Department (mental health services).

The Court has, without objection from the parties, held over twenty public hearings in this matter since the filing of the Joint Motion for Entry of Consent Decree in July 2012. At these hearings, representatives of the City and NOPD have made presentations on progress toward compliance with the Consent Decree. The NOPD routinely brought to these hearings the officers and civilian employees who worked on various reforms so that they could be publicly recognized and congratulated. The Court intended the April 12 hearing to be in this same vein.

The City objected to its employees appearing in this Court at the April 12 hearing and, on April 6, 2023, proceeding before the United States Court of Appeals for the Fifth Circuit, filed an Emergency Petition for Writ of Mandamus.[1]

The Fifth Circuit denied the Petition for the Writ of Mandamus and provided this Court an opportunity to reconsider its April 3, 2023 Order[2] after adequate opportunity to confer with the parties.[3] The Court ordered that the parties meet and confer[4] and held a status conference with the parties on April 18, 2023.[5] The parties reported at the status conference that they had conferred but were unable to agree on any modifications to the April 3, 2023 Order for the Court to consider.

It is clear to the Court that, in light of the parties' positions, further conference with the parties would not be productive. In any event, the purpose of the hearing has been lost in the controversy surrounding it.

In accordance with the Fifth Circuit's Unpublished Order, the Court has reconsidered its April 3, 2023 Order and will vacate it without resetting.

The City acknowledges compliance with the Consent Decree "is a subject appropriate for a court hearing."[6] The Court is confident such court hearings will allow sufficient opportunity for the Monitor to present to the Court on the implementation of the Consent Decree as required by Paragraph 463.[7] The Department of Justice and the City are welcome to participate in these hearings.

---

[1] *In re City of New Orleans and the New Orleans Police Department*, 5th Cir. Case No. 23-30193, Rec. Doc. 4-1.

[2] R. Doc. 679.

[3] *In re City of New Orleans and the New Orleans Police Department*, 5th Cir. Case No. 23-30193, Rec. Doc. 37-2.

[4] R. Doc 685.

[5] R. Doc. 686.

[6] *In re City of New Orleans and the New Orleans Police Department*, 5th Cir. Case No. 23-30193, Rec. Doc. 4-1 at p. 16.

[7] R. Doc. 565 at 123.

The Court also is confident the Monitors will continue their efforts, through various reports and meetings required by the Consent Decree, to inform the public of the status of the New Orleans Police Department's compliance with the Consent Decree.

Accordingly;

**IT IS HEREBY ORDERED** that the Court's April 3, 2023[8] Order is **VACATED**.

**New Orleans, Louisiana, this 19th day of April, 2023.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[8] R. Doc. 679.