UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO. 12-1924 |
| CITY OF NEW ORLEANS | SECTION: "E" (2) |

# ORDER

Before the Court is a Motion for Leave by the City of New Orleans ("the City") to file a 44-page reply brief,[1] far in excess of the U.S. District Court for the Eastern District of Louisiana Local Rules' 10-page limit.[2] For the reasons that follow, the City's Motion for Leave is **DENIED**.

Local Rule 7.7 provides that "[e]xcept with prior leave of court, a trial brief or memorandum supporting or opposing a motion must not exceed 25 pages, excluding exhibits, and a reply brief or memorandum must not exceed 10 pages, excluding exhibits." On August 18, 2022, with leave of Court,[3] the City filed a 55-page memorandum in support of its Motion to Terminate the Consent Decree.[4] The memorandum was well in excess of the 25-page limit set by the Local Rules of the U.S. District Court for the Eastern District of Louisiana. Because the Court granted the City's request to exceed the page limit, on April 6, 2023 the Court granted the U.S. Department of Justice ("DOJ") leave to file an opposition memorandum longer than 25 pages.[5]

---

[1] R. Doc. 689.
[2] *See* Local Rule 7.7.
[3] R. Doc. 628.
[4] R. Doc. 629.
[5] R. Doc. 681 (allowing the DOJ to file a 52-page opposition to the City's Motion to Terminate the Consent Decree).

Now, the City requests leave to file a 44-page reply brief for two reasons: (1) because the DOJ "was allowed to exceed the page limits in order to file a [52]-page opposition," and (2) to allow for "full discussion of the many complex legal and factual issues."[6] First, the DOJ was allowed to file a 52-page opposition, in excess of the Local Rules' 25-page limit, only because the City was granted leave to file a 55-page memorandum in support of its Motion to Terminate the Consent Decree. The Court's prior grants of leave to exceed the page limits were not an invitation for the City to file a reply brief far in excess of 10 pages. Second, the Court finds the City's boilerplate argument that it needs 44-pages to fully discuss unidentified "complex legal and factual issues" unavailing. As federal district courts have recognized, the limited purpose of a reply brief "is to rebut the nonmovant's response."[7]

Accordingly;

**IT IS ORDERED** that the City's Motion for Leave is **DENIED**.[8] The City may file a reply brief not exceeding 10 pages, excluding exhibits, by no later than **Monday, May 8, 2023**.[9] The City is reminded that a reply brief and exhibits must be in response only to issues raised in the DOJ's opposition and that arguments may not be raised for the first time in a reply brief.[10]

New Orleans, Louisiana, this 27th day of April, 2023.

                                                **SUSIE MORGAN**
                                      **UNITED STATES DISTRICT JUDGE**

---

[6] R. Doc. 689 at p. 1 (alteration in original to reflect that the DOJ's opposition is 52 pages, not 48 pages).
[7] *See, e.g., Nassar v. UT Southwestern Health Sys.*, 2009 WL 2849585, *1 (N.D. TX. 9/1/2009) (Boyle, J.); *U.S. E.E.O.C. v. Hospman, LLC*, 2016 WL 11794688, *1 (M.D. Fla. 12/7/2016) (Mirando, J.); *Masterson v. Xerox Corp.*, 2016 WL 4926439, *6 (W.D. KY 9/14/2016) (Lindsay, M.J.).
[8] R. Doc. 689.
[9] *See* Local Rule 7.7.
[10] *See Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010).