UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO. 12-1924 |
| CITY OF NEW ORLEANS | SECTION: "E" (2) |

## ORDER

Before the Court is the Reply Brief in Support of the Motion to Terminate the Consent Decree ("Second Reply") filed by the City of New Orleans ("the City").[1]

The City filed its original reply brief ("First Reply") on April 21, 2023, and requested leave to exceed the U.S. District Court for the Eastern District of Louisiana's 10-page limit on reply briefs.[2] The Court denied the City's request for leave to file a 44-page reply, *i.e.*, the First Reply.[3] Nevertheless, on April 27, 2023, the Court granted the City leave to file a 10-page reply, consistent with Local Rule 7.7, and in its April 27, 2023 Order reminded the City of the elementary principle "that a reply brief and exhibits must be in response only to issues raised in the DOJ's opposition and that arguments may not be raised for the first time in a reply brief."[4]

On May 8, 2023, the City filed its Second Reply. Ignoring this Court's April 27, 2023 Order, the City raises several new arguments in its Second Reply that are not "in response only to issues raised in the DOJ's opposition."[5]

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

---

[1] R. Doc. 698.
[2] R. Doc. 689; *see also* Local Rule 7.7.
[3] R. Doc. 692.
[4] *Id.* at p. 2 (citing *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010)).
[5] *Id.*; *see also* R. Doc. 698 at pp. 9-12.

scandalous matter." By its terms, Rule 12(f) applies only to material contained in a "pleading." Rule 7(a) defines "pleadings" as, *inter alia*, a complaint and an answer. As a result, federal district courts have recognized motions, briefs, and memoranda generally may not be attacked by Rule 12(f)'s striking mechanism.[6] The exception to this general principle, however, is that a court may strike briefs that do not comply with a court order.[7] "Although Rule 12(f) of the Federal Rules of Civil Procedure provides authority only to strike pleadings or content therein, a district court has the inherent power to strike a party's submissions other than pleadings."[8]

Accordingly;

**IT IS ORDERED** that page 5 at lines six through eleven, page 9 at lines six through twenty, page 10 at lines one through twenty, page 11 at lines one through seventeen, and page 12 at lines one through three, along with Exhibits 101,[9] 102,[10] 104,[11] 107,[12] 109,[13] 110,[14] 112,[15] 113,[16] 114,[17] 118,[18] 119,[19] 120,[20] 123,[21] 124,[22] 125,[23] and 126,[24] of

---

[6] *See, e.g.*, *Applied Cap., Inc. v. Gibson*, 2007 WL 5685131, *4 (D.N.M. 9/27/2007).
[7] *See, e.g.*, *In re Hopkins*, 1998 WL 704710, *3 n.6 (10th Cir. 10/5/1998) (holding that, because party's "briefs were non-complying . . . it was well within the discretion of the district court to strike them").
[8] *North American Specialty Ins. Co. v. National Fire & Marine Ins. Co.*, 2013 WL 1332205, *5 (citing *Metzger v. Hussman*, 682 F.Supp. 1109, 1110 (D.Nev. 1988) (striking plaintiff's opposition because it was filed after the date set for responding to motions); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (recognizing that federal courts have "certain implied powers" that are "governed not by rule or statute but by the control necessarily invested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases")).
[9] R. Doc. 698-2.
[10] R. Doc. 698-3.
[11] R. Doc. 698-5.
[12] R. Doc. 698-8.
[13] R. Doc. 698-10.
[14] R. Doc. 698-11.
[15] R. Doc. 698-13.
[16] R. Doc. 698-14.
[17] R. Doc. 698-15.
[18] R. Doc. 698-19.
[19] R. Doc. 698-20.
[20] R. Doc. 698-21.
[21] R. Doc. 698-24.
[22] R. Doc. 698-25.
[23] R. Doc. 698-26.

the Second Reply are hereby **STRICKEN** because, contrary to this Court's April 27, 2023 Order,[25] they constitute new arguments raised for the first time in a reply brief that are non-responsive to the DOJ's opposition brief.

In its Second Reply, the City represents "the NOPD has prepared Exhibits 108 and 117, which encapsulate the most recent compilation of all parties' input on what specific paragraphs NOPD is in compliance with, which paragraphs are still under review by the Monitor and DOJ, and which paragraphs require further proof."[26] The City also references in footnote 9 the video of an NOPD public meeting held on April 22, 2023.[27] Pursuant to paragraph 492 of the Consent Decree, for the purpose of the City's Motion to Terminate the Consent Decree, "the burden shall be on the City to demonstrate that it is in full and effective compliance with th[e] [Consent Decree] and has maintained such compliance for at least two years." This compliance is to be measured as of the date the City filed its Motion – August 18, 2022. Exhibits 108 and 117 and the video referenced in footnote 9 of the City's Second Reply are not relevant to a determination of compliance as of August 18, 2022. Furthermore, contrary to this Court's April 27, 2023 Order,[28] Exhibits 108 and 117 and the video referenced in footnote 9 of the City's Second Reply constitute new arguments raised for the first time in a reply brief that are non-responsive to the DOJ's opposition brief. As a result, **IT IS FURTHER ORDERED** that Exhibits 108 and 117,[29] and the YouTube video cited in footnote 9 of the City's Second Reply,[30] are **STRICKEN**.

---

[24] R. Doc. 698-27.
[25] R. Doc. 692.
[26] R. Doc. 698 at p. 5 (internal citations omitted).
[27] R. Doc. 698 at p. 5 n.9.
[28] R. Doc. 692.
[29] R. Doc. 698-9; R. Doc. 698-18.
[30] R. Doc. 698 at p. 5 n.9.

3

Only the remaining compliant portions of the City's Second Reply will be considered by the Court in connection with the pending Motion to Terminate the Consent Decree.

**New Orleans, Louisiana, this 10th day of May, 2023.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**