DEPARTMENT OF POLICE
INTEROFFICE CORRESPONDENCE

**TO:** Michelle M. Woodfork
Superintendent of Police

**FROM:** Captain Precious M. Banks
Public Integrity Bureau

**SUBJECT:** Cover Letter for PIB CTN 2022-0513-R

**DATE:** 05/30/2023

Superintendent Michelle M. Woodfork,

The attached formal disciplinary investigation has a formal recommended disposition for Senior Police Officer Jeffery Vappie as **"Sustained"** for the violation of **Rule 4: Performance of Duty; Paragraph 2: Instructions from an Authoritative Source; to wit NOPD Chapter 22.08 Police Secondary Employment; Paragraph 32 which states:** *No member, including Reserve officers, shall work more than 16 hours and 35 minutes (16.58 hours) within a 24-hour period. These hours are cumulative and include normal scheduled work hours, overtime, court time, off-duty police secondary employment, or outside employment. Members must have 7 hours and 25 minutes of unpaid, off-duty time within every 24-hour period*. After reviewing the attached Formal Disciplinary Investigation and the associated facts and circumstances, the panel did not concur with the Investigator's recommended disposition.

**Senior Police Officer Jeffery Vappie**

**In the investigation under 2022-0513-R, the investigators, Captain Kendrick Allen and Lieutenant Lawrence Jones, made the following conclusion:**

Based upon the preponderance of evidence, SPO Jeffery Vappie was accused of working more than 16 hours and 35 minutes within a 24-hour period, when on several occasions while assigned to the Executive Protection Section he violated this NOPD Chapter 22.08 Police Secondary Employment.  On Wednesday, November 9, 2022, Lieutenant Jones reviewed a media request from WVUE a local news station indicating that SPO Vappie may have violated NOPD policy. The request indicated SPO Vappie may have violated policy when on several occasions while assigned to the City of New Orleans Mayor Executive Protection team he worked more than 16 Hours and 35 minutes within a 24-hour period. The request also indicated SPO Vappie may have neglected his duty when he attended a Board meeting with the City of New Orleans Housing Authority while on duty. The request also indicated that SPO Vappie may have spent numerous hours with his Protectee at the Upper Pontalba Apartments both on duty and off duty.

During the investigation, Capt. Allen and Lt. Jones discovered based on all the evidence available to them on September 28, 2022, SPO Vappie worked for 18 hours within a 24-hour period, while assigned to the Consultant Chief Fausto B. Pichardo and not his normal Executive Protection assignment. The investigators documented during SPO Vappie's administrative statement regarding the 16:35 overage, SPO Vappie stated several times that *"It's always been that way"* when dealing with overtime. However, the investigators observed when Sergeant Wondell Smith was embedded in the executive protection team, he would move the team's time to adjust for the Protectee's schedule, if a late event occurred. The investigators reviewed SPO Vappie's ADP timecard for the week of September 26, 2022, to October 8, 2022, noting on September 28,

2022, it appeared that SPO Vappie worked for 18 hours. The timecard remarks indicated SPO Vappie was assigned to the Consultant Chief Fausto B. Pichardo and not his normal Executive Protection assignment.

## Assessment

After reviewing **NOPD Chapter 22.08, NOPD Chapter 13.15 Overtime Payment Request**, the completed investigation including its exhibits, and presented evidence at the Disciplinary Hearing held on May 24, 2023, this panel recommends Senior Police Officer Vappie be **EXONERATED** on **Rule 4: Performance of Duty; Paragraph 2: Instructions from an Authoritative Source; to wit NOPD Chapter 22.08 Police Secondary Employment; Paragraph 32.**

The panel notes the inherent challenge of having two policies that appear to address secondary employment and overtime. The panel made an in-depth analysis to reveal that **NOPD Chapter 22.08 Police Secondary Employment; Paragraph 32** mirrors, in pertinent parts, the language of **NOPD Chapter 13.15 Overtime Payment Requests; Paragraph 6 which states** *"No member, including Reserve officers, shall work more than 16 hours and 35 minutes (16.58 hours) within a 24-hour period. These hours are cumulative and include normal scheduled work hours, overtime, court time, off-duty police secondary employment, or outside employment…"* The panel further considered the language of **NOPD Chapter 22.08 Police Secondary Employment** which defines Secondary Employment as *"the off-duty employment, for compensation, of any NOPD member by another individual, business, establishment, or organization where the member is performing the duties of a police officer or a function of the police department."*

In its review, the panel determined that SPO Vappie did work beyond 16 hours and 35 minutes. At first glance, SPO Vappie working 18 hours appeared to be a violation as described in **NOPD Chapter 13.15 Overtime Payment Request** (which could have been the most appropriate violation to consider at the inception of the investigation). However, as a member of the NOPD Executive Protection overtime was expressly authorized in an email authored by former NOPD Deputy Chief Paul Noel on February 23, 2021. The email advised that *"per the Superintendent the Mayor's Security Detail can work overtime as necessary"* and it was disseminated to Capt. Joseph Waguespack Sr., Sgt. Shumeca Chadwick, Lt. Christopher Johnson, and Sgt. Tokishiba Lane. The referenced email will be attached to this correspondence.

This panel finds that there was no evidence presented or factually determined to support SPO Vappie participated in secondary employment as defined in **NOPD Chapter 22.08 Police Secondary Employment.** SPO Vappie worked for 18 hours within a 24-hour period, while he was assigned to work with NOPD Executive Protection. He was functioning in his normal and routinely assigned role in which he was permitted to work overtime.

## DISPOSITION RECOMMENDATIONS

**SPO Jeffery Vappie**
**Rule 4: Performance of Duty; Paragraph 2: Instructions from an Authoritative Source; to wit NOPD Chapter 22.08 Police Secondary Employment; Paragraph 32**……………………...…..…...**EXONERATED**

Respectfully Submitted,

_____
Captain Precious M. Banks
Public Integrity Bureau

**CONCUR/DO NOT CONCUR**

_____
Captain Preston Bax Jr. /Date

**CONCUR/DO NOT CONCUR**

_____
Captain Michael Glasser/Date

**CONCUR/DO NOT CONCUR**

_____
Deputy Chief Keith Sanchez/Date

**CONCUR/DO NOT CONCUR**

_____
Superintendent Michelle Woodfork/Date