

# NEW ORLEANS POLICE DEPARTMENT OPERATIONS MANUAL

## CHAPTER: 13.38

## TITLE: NEPOTISM AND EMPLOYMENT CONFLICTS

**EFFECTIVE: 12/3/2017**
**REVISED: 01/31/21**

**PURPOSE**

The purpose of this chapter is to ensure effective supervision, safety, security, performance, and fairness in assignments and discipline, while maintaining positive morale by avoiding actual or perceived favoritism, discrimination, and actual or potential conflicts of interest by or between members of this department.  The practices governed by this Chapter include  recruiting, testing, hiring, compensation, awards, assignments, use of department facilities, access to training opportunities, supervision, performance appraisal, discipline, and workplace safety and security.

**DEFINITIONS:**

**Business Relationship**—Serving as an employee, contract employee, temporary employee, independent contractor, compensated consultant, owner, board member, shareholder, or investor in an outside business, company, partnership, corporation, Limited Liability Corporation, venture or other transaction where the employee's annual interest, compensation, investment or obligation is greater than $250.

**Conflict of Interest**—Includes any actual, perceived, or potential conflict of interest in which it reasonably appears that a member's action, inaction, or decisions are or may be influenced by the member's personal or business relationship.

**Immediate Family**—Spouse, parents, children, siblings, grandparents, grandchildren, mother-in-law, father-in-law, daughter-in-law or son-in-law, legal guardians or dependents of the member; step or half relations shall be given the same consideration as blood relatives of the same type.

**Extended Family**—Aunts, Uncles, Nieces, Nephews, and members living in the same household.

**Relative**—A member of the immediate or extended family related by blood or marriage.

**Nepotism**—The practice of showing favoritism to relatives in appointment, employment, promotion or advancement by any public official in a position to influence these personnel decisions.

**Personal Relationship**—Includes marriage, cohabitation, dating or any other romantic or

intimate relationship beyond mere friendship.

**Public Official**—A supervisor or member who is vested with authority by law, rule or regulation, or to whom authority has been delegated.

**Subordinate**—A member who is subject to the temporary or ongoing direct or indirect authority of a supervisor.

**Supervisor**—A member who has temporary or ongoing direct or indirect authority over the actions, decisions, evaluation, and/or performance of a subordinate member.

## RESTRICTED DUTIES AND ASSIGNMENTS

1. While the Department will not prohibit personal or business relationships between members, employees are prohibited from directly supervising, occupying a position in the line of supervision or being directly supervised by any other employee who is a relative or with whom they are involved in a personal or business relationship.

2. The Department will make every reasonable effort to avoid placing employees in such supervisor/subordinate situations.

3. If circumstances require that such a supervisor/subordinate relationship exist, the supervisor shall make every reasonable effort to defer matters involving the involved employee to an uninvolved supervisor.

4. The Department reserves the right to transfer or reassign any employee to another position within the same classification as it may deem necessary in order to avoid conflicts of interest or the appearance of impropriety with any provision of this Chapter.

5. Employees are prohibited from participating in, contributing to or recommending promotions, recommending discipline, assignments, performance evaluations, transfers or other personnel decisions affecting an employee who is a relative or with whom they are involved in a personal or business relationship.

6. Field Training Officers (FTOs) and other trainers will not be assigned to train relatives.

7. FTOs and other trainers are prohibited from entering or maintaining personal or business relationships with any employee they are assigned to train until such time as the training has been successfully completed and the employee is off probation.

8. To avoid actual or perceived conflicts of interest, employees of this Department shall refrain from initiating, developing or maintaining personal or financial relationships with:
    a.) victims, witnesses or other individuals during, or as a direct result of, any official contact until such time as the investigation has reached a final resolution in the criminal justice system or,
    b.) any individual who, during the course of, or as a direct result of, any official contact was a person in crisis, or was subject of a wellness check or as part of a Crime Prevention Officer or School Resource Officer's duties (see **Chapter 41.25 – Crisis Intervention**).

9. Except as required in the performance of official duties or in the case of relatives, employees shall refrain from initiating, developing, or maintaining personal or financial relationships with any individual(s) they know or reasonably should know is under criminal investigation, or is a parolee, fugitive, or registered offender.

**EMPLOYEE RESPONSIBILITIES**

10. Prior to entering into any personal or business relationship or other circumstance that the employee knows or reasonably should know could create a conflict of interest, the appearance of impropriety, or other violation of this chapter, the employee shall promptly notify his/her uninvolved, next highest level supervisor.

11. Whenever any employee is placed in circumstances that would require the employee to take enforcement action or provide official information or services to any relative or other individual with whom the employee is involved in a personal or business relationship, the employee shall promptly notify his/her uninvolved immediate supervisor.

12. If an uninvolved supervisor is not immediately available, the employee shall promptly notify Communications Services to have another uninvolved employee either relieve the involved employee or at a minimum, remain present to witness the action.

**SUPERVISOR RESPONSIBILITIES**

13. Upon being notified of or becoming aware of any circumstance that could result in or constitute an actual or potential violation of this Chapter, a supervisor shall take all reasonable steps to prevent, mitigate or avoid such violations.

14. Supervisors receiving written or verbal allegations of violations of this Chapter shall take such allegations seriously, deal with them in a prompt and effective manner, and, where appropriate, initiate a disciplinary investigation, by completing NOPD Form 230 – PIB Intake Form – Commendation – Complaint or Documentation of Minor Violation, and take all appropriate investigative and disciplinary actions, consistent with **Chapter 52.1.1— Misconduct Complaint Intake and Investigation** and/or **Chapter 35.1.7 – Non-Disciplinary Responses to Minor Violations**.