UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CIVIL ACTION NO. 2:12-CV-01924** |
| Plaintiff, | |
| V. | **SECTION E** <br> **JUDGE SUSIE MORGAN** <br> **DIVISION 2** |
| **CITY OF NEW ORLEANS,** | **MAG. DONNA PHILLIPS CURRAULT** |
| Defendant. | |

**UNITED STATES' NOTICE OF SUPPLEMENTAL AUTHORITY**

The United States respectfully submits this Notice of Supplemental Authority to inform the Court of the recent decision of the Court of Appeals for the Fifth Circuit in *Chisom v. Louisiana*, 85 F.3d 288, 2023 U.S. App. LEXIS 28388 (5th Cir. Oct. 25, 2023).[1] This decision is relevant to the United States' argument that the Court should deny the Motion to Terminate of the Defendant, City of New Orleans (City) (Doc. 629). Specifically, the *Chisom* decision informs the legal standard that the Court should apply to the City's argument that the Consent Decree should be terminated under the first prong of Federal Rule of Civil Procedure 60(b)(5).

*Chisom* concerned a motion by the State of Louisiana to terminate a Voting Rights Act consent decree. As relevant here, the Circuit Court upheld this Court's determination that the State had failed to meet its evidentiary burden under the first clause of Rule 60(b)(5), which

---

[1] As another district court has stated: "Neither the Federal Rules of Civil Procedure nor the Local Rules of this Court provide for the filing of supplemental authorities. In practice, however, this Court has allowed notices of supplemental authority to be filed without leave of court, provided that such notices are limited. Cf. FED. R. APP. PRO. 28(j) (A party may file a letter "setting forth the citations" and "stat[ing] the reasons for the supplemental citations" in 350 words or less)." *See Sanders v. District of Columbia*, 2014 U.S. Dist. LEXIS 156954, *2, (D.D.C. November 6, 2014). Similarly, this Court has accepted supplemental authority in another civil case. *See, e.g.*, *Martin v. LCMC Health Holdings, Inc.*, 2023 U.S. Dist. LEXIS 122961, *1 n.3 (E.D. La. July 5, 2023).

provides "the judgment has been satisfied, released, or discharged."  In doing so, the Circuit Court held that the test set forth in *Board of Education of Oklahoma City Public Schools, Independent School District No. 89 v. Dowell*, 498 U.S. 237, 250 (1991) applies to motions to dissolve consent decrees under the first clause of Rule 60(b)(5).  *Chisom*, 2023 U.S. App. LEXIS 28388, *24.  Applying the standards in *Dowell*, the Circuit Court found that the State had not fulfilled the first prong of that test, an inquiry into good faith compliance that "examines both past compliance and 'future prospects.'"  *Chisom*, 2023 U.S. App. LEXIS 28388, *26 (quoting *Johnson v. Heffron*, 88 F.3d 404, 405 n.1 (6th Cir. 1996)).  The *Chisom* Court also found that the State had failed to meet the second prong of *Dowell*, which asks "whether the vestiges of past discrimination had been eliminated to the extent practicable."  *Chisom*, 2023 U.S. App. LEXIS 28388, *28.  "This inquiry ultimately examines whether the purpose of the consent order has been fulfilled."  *Id.* (quotation marks and citations omitted).

In *Chisom*, the State failed to provide evidence of good-faith compliance because, even if it had demonstrated past compliance with the consent judgment, it had not provided any "evidence, plans, or assurances" to demonstrate that violations would not recur.  Here, the City did not present evidence of past compliance with all the Decree's provisions.  Doc. 682 at 17 ("As an initial matter, the City is wrong to assert that NOPD has "satisfied" or has been "found in compliance" with 15 of the Decree's 17 sections. Doc. 629-1 at 2, 21").  Nor has the City provided "evidence, plans, or assurances" that compliance would be maintained; it has not completed a sustainment plan, and the evidence the City submitted showed that it had fallen out of compliance in a number of areas in the Decree.  Doc. 682 at 22-30 (discussing provisions regarding Use of Force, Supervision, Secondary Employment, and Misconduct).  Nor has the City successfully completed the Decree's required two-year sustainment period to show

elimination of the vestiges of past legal violations and to demonstrate that the purpose of the Consent Decree has been fulfilled.  Doc. 682 at 14-15 ("And 'before the City moves into the two-year sustainment period provided by the Consent Decree, the City must be in full and effective compliance with all sections of the Consent Decree.'"  (quoting Doc. 669 at 2–3)).

In short, the City has not demonstrated that it is entitled to termination under Rule 60(b)(5)'s first prong, because it has not provided evidence sufficient to meet the *Dowell* standards that *Chisom* held applied to termination of consent judgments in institutional reform cases.

                                                    Respectfully submitted,

                                                    KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division
STEVEN H. ROSENBAUM
Chief
TIMOTHY D. MYGATT (DC 1021564)
Deputy Chief

/s/ Jonas Geissler
R. JONAS GEISSLER (NJ 025752001)
MEHVEEN RIAZ (DC 1030021)
Trial Attorneys
Special Litigation Section
Civil Rights Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
Tel.: (202) 353-8866
Email: jonas.geissler@usdoj.gov

*Attorneys for the United States*

## Certificate of Service

I hereby certify that on November 15, 2023, I filed the foregoing through the Court's CM/ECF system, which will serve a true and correct copy of the filing on all counsel of record in this matter.

/s/ Jonas Geissler