

JP MORRELL  
COUNCILMEMBER AT-LARGE

Office (504) 658-1070  
1300 Perdido Street • Suite 2W50  
New Orleans, Louisiana 70112

*New Orleans City Council*

January 13, 2025

Hon. Susie Morgan  
United States District Judge  
Eastern District of Louisiana  
500 Poydras Street  
Room C322  
New Orleans, LA  70130

**Re:**   **Enrollment of Attorney General as counsel for the City of New Orleans in** *United States of America v. City of New Orleans*, **Civ. Action No. 2:12-CV-01924**

Dear Judge Morgan:

We write on behalf of the New Orleans City Council, which serves as the governing authority for Orleans Parish.

The Council has recently been made aware that the Louisiana Attorney General has enrolled, or intends to enroll, as counsel for the City of New Orleans in the New Orleans Police Department consent decree litigation, *United States of America v. City of New Orleans*, Civ. Action No. 2:12-CV-01924. We write to flag our grave concerns over the legality of that enrollment.

The selection of attorneys to represent the City of New Orleans is governed by the New Orleans Home Rule Charter—in accordance with the unique power granted to pre-1974 home rule charter jurisdictions by Article VI, Section 4 of the Louisiana Constitution. *See generally Francis v. Morial*, 455 So.2d 1168 (La. 1984); *see also Montgomery v. St. Tammany Parish Gov't*, 2017-1811 (La. 8/12/21), 319 So. 3d 209.

The Home Rule Charter mandates that the City and its departments are represented in "all legal matters" by the City Attorney and the professional staff of the Law Department. The retention of any legal counsel other than the City Attorney and her professional staff is governed by Charter Section 4-403, which provides as follows:

> **Section 4-403. - Special Counsel.**
>
> (1)   No special counsel shall be retained to represent the City or any officer, department, or board except the Sewerage and Water Board, the Department of City Civil Service, the Public Belt

> Railroad Commission, and the Board of Liquidation, City Debt, and except as may herein be otherwise provided.
>
> (2)  The Council may, by two-thirds vote of its entire membership, employ special counsel for itself.
>
> (3)  The Council may, by two-thirds vote of its entire membership, authorize any officer, department or board to employ special counsel for any special matter presenting a real necessity for such employment, provided any such authorization shall specify the compensation, if any, to be paid for said services.

The Council has not approved the retention of the Attorney General as special counsel for the City or made any determination as to the necessity of the employment, as required by Charter § 4-403. As such, the enrollment appears to violate the Charter, which enjoys the force and effect of the Louisiana Constitution in matters of local governance.

It should go without saying that permitting the state to unilaterally appear and represent the City's legal interests in pending litigation presents a host of practical, ethical, and policy concerns. At the Council's next regular meeting on January 30, 2025, we intend to introduce a resolution formally objecting to the representation of the City in this matter as the legal requirements contained in Section 4-403 of the City's Home Rule Charter have not been met. We would ask that the Court decline to permit the enrollment of the Attorney General as counsel for the City, until such time as the representation is approved in accordance with law.

Sincerely,

*[signature]*

JP Morrell
President, New Orleans City Council


cc:   Hon. Donesia Turner, New Orleans City Attorney
      Hon. Liz Murrill, Louisiana Attorney General
      All Councilmembers